Larry FERSNER, Plaintiff–Appellant,

v.

PRINCE GEORGE'S COUNTY, MARYLAND; John Farrell, Chief, in his official capacity, Prince George's County Police Department; Correctional Officer Chaney, individually and in his official capacity, Prince George's County Police Department; william popielarcheck, Officer, individually and in his official capacity, Prince George's County Police Department; Sergeant Bailey, individually and in his official capacity, Prince George's County Police Department; Corporal Taylor, individually and in his official capacity, Prince George's County Police Department; Michael Ecomones, Corporal, individually and in his official capacity Drug Expert, Prince George's County Police Department, Defendants–Appellees.

No. 01–1636.

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 7, 2001.

Decided Dec. 27, 2001.

Errol R. Thompson, Law Offices of Errol R. Thompson, P.C., Silver Spring, Maryland, for Appellant. Sean D. Wallace, County Attorney, John A. Bielec, Deputy County Attorney, William A. Snoddy, Associate County Attorney, Upper Marlboro, Maryland, for Appellees.

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

## OPINION

PER CURIAM.

Larry Fersner appeals from the district court's order dismissing his federal claims filed under 42 U.S.C.A. § 1983 (West 2001). Fersner alleged various members of the Prince George's County Police Department violated his Fourth Amendment right to be free from unreasonable search and seizure. The district court granted Appellees' motion for summary judgment on qualified immunity grounds.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lob-*

*by, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a qualified immunity defense, we consider (1) whether the facts alleged show the violation of a constitutional right; (2) whether the right was clearly established; and (3) whether a reasonable official could have believed his conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2155–56, 150 L.Ed.2d 272 (2001); *Pritchett v. Alford*, 973 F.2d 307, 312–13 (4th Cir.1992).

We have reviewed the parties' briefs, joint appendix, supplemental joint appendix, and the district court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *See Fersner v. Prince George's County, Maryland*, No. CA–99–3099–AMD (D.Md. Apr. 11, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*